## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ARVEST BANK,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | |
| **PHILLIP EDWARD MILES and MARK GRADY MILES,** | _____ |
| **Defendants.** | |

### COMPLAINT FOR BREACH OF GUARANTIES

Arvest Bank ("**Arvest**"), by and through its counsel hereby files this Complaint against Phillip Edward Miles and Mark Grady Miles (together, the "**Guarantors**") for breach of their personal guaranties of four finance agreements.

### PARTIES

1.      Arvest is an Arkansas state-chartered bank and Arkansas Corporation with its principal place of business located in Fayetteville, Arkansas.

2.      The first defendant in this action is Phillip Edward Miles, an individual who resides and is domiciled in Fulton County, Georgia, and who may be served at 300 Hayward Lane, Alpharetta, GA 30022.

3.     The second defendant in this action is Mark Grady Miles, an individual who resides and is domiciled in Lincoln County, Oklahoma, and who may be served at 12720 North Douglas Blvd. Jones, Oklahoma 73049-3441.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000.00.

5.     This Court has personal jurisdiction over all Defendants.

6.     Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to Plaintiff's cause of action occurred in this judicial district.

## STATEMENT OF FACTS

7.     On November 1, 2021, CurePoint, LLC ("**CurePoint**") a Georgia limited liability company with its principal place of business located in Alpharetta, Georgia, executed and delivered a finance agreement ("**CurePoint's First Agreement**") to Arvest, for the repayment of a $179,399.00 financing agreement.

8.     A true and correct copy of CurePoint's First Agreement is attached as **Exhibit A** and incorporated by reference.

9.      In CurePoint's First Agreement, CurePoint promised to repay the principal amount of $179,399.00 and interest on the principal balance at an annual rate 5.99%, through 36 monthly payments of $5,490.79 starting on January 1, 2022.

10.     Pursuant to section 10 of CurePoint's First Agreement, it is an event of default for CurePoint to file a petition under the Bankruptcy Code.

11.     On August 19, 2022, CurePoint filed a petition under the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia (the "**CurePoint Bankruptcy**").

12.     CurePoint defaulted under CurePoint's First Agreement by filing a petition under the Bankruptcy Code.

13.     CurePoint defaulted under CurePoint's First Agreement by failure to make payments as they came due.

14.     Section 12 of CurePoint's First Agreement also provides that CurePoint owes late fees equal to 5% of the unpaid amount for any payment more than 10 days past due.

15.     In the event of a default, CurePoint's First Agreement allows the holder to recover "reasonable attorney's fees and costs" and charge interest at the rate of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

16.    Section 15 of CurePoint's First Agreement provides the agreement is "governed and construed in accordance with" Arkansas State Law.

17.    Phillip Edward Miles unconditionally guaranteed CurePoint's First Agreement obligations under an Unconditional Guarantee.

18.    Mark Grady Miles also unconditionally guaranteed CurePoint's First Agreement obligations under an Unconditional Guarantee.

19.     A true and correct copy of the Mr. Phillip Miles and Mr. Mark Miles unconditional guarantees to CurePoint's First Agreement is attached as **Exhibit B** and incorporated by reference.

20.    Both the Mr. Phillip Miles and Mr. Mark Miles guarantees to CurePoint's First Agreement allow for the recovery of attorney's fees and costs.

21.    On November 16, 2021, CurePoint executed and delivered a finance agreement ("**CurePoint's Second Agreement**") to Arvest, for the repayment of a $699,859.00 financing agreement.

22.    A true and correct copy of CurePoint's Second Agreement is attached as **Exhibit C** and incorporated by reference.

23.    In CurePoint's Second Agreement, CurePoint promised to repay the principal amount of $699,859.00 and interest on the principal balance at an annual

rate of 4.99%, through 48 monthly payments of $16,203.38 starting on January 16, 2022.

24.     Pursuant to section 10 of CurePoint's Second Agreement, it is an event of default for CurePoint to file a petition under the Bankruptcy Code.

25.     CurePoint defaulted under CurePoint's First Agreement by filing a petition under the Bankruptcy Code.

26.     CurePoint defaulted under CurePoint's First Agreement by failing to make payment as they came due.

27.     Section 12 of CurePoint's Second Agreement provides that CurePoint owes late fees equal to 5% of the unpaid amount for any payment more than 10 days past due.

28.     In the event of a default, CurePoint's Second Agreement allows the holder to recover "reasonable attorney's fees and costs" and charge interest at the rate of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

29.     Section 15 of CurePoint's Second Agreement provides the agreement is "governed and construed in accordance with" Arkansas State Law.

30.     Phillip Edward Miles unconditionally guaranteed CurePoint's Second Agreement obligations under an Unconditional Guarantee.

31.     Mark Grady Miles also unconditionally guaranteed CurePoint's Second Agreement obligations under an Unconditional Guarantee.

32.     A true and correct copy of the Mr. Phillip Miles and Mr. Mark Miles unconditional guarantees to CurePoint's Second Agreement is attached as **Exhibit D** and incorporated by reference.

33.     Both the Mr. Phillip Miles and Mr. Mark Miles guarantees to CurePoint's Second Agreement allow for the recovery of attorney's fees and costs.

34.     On April 15, 2022, Zeroholding, LLC ("**Zeroholding**") a Nevada limited liability company with its principal place of business located in Alpharetta, Georgia executed and delivered a finance agreement ("**Zeroholding's First Agreement**") to Arvest, for the repayment of a $99,365.50 financing agreement.

35.     A true and correct copy of Zeroholding's First Agreement is attached as **Exhibit E** and incorporated by reference.

36.     In Zeroholding's First Agreement, Zeroholding promised to repay the principal amount of $99,365.50 and interest on the principal balance at the annual rate of 10.090%, through 60 monthly payments of $2,193.93.

37.     Pursuant to section 10 of Zeroholding's First Agreement, it is an event of default for Zeroholding to file a petition under the Bankruptcy Code.

38.     On August 19, 2022, Zeroholding filed a petition under the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia (the "**Zeroholding Bankruptcy**").

39.     Zeroholding defaulted under Zeroholding's First Agreement by filing a petition under the Bankruptcy Code.

40.     Zeroholding defaulted under Zeroholding's First Agreement by failing to make payment as they came due.

41.     Section 12 of Zeroholding's First Agreement also provides that Zeroholding owes late fees equal to 5% of the unpaid amount for any payment more than 10 days past due.

42.     In the event of a default, Zeroholding's First Agreement allows the holder to recover "reasonable attorney's fees and costs" and charge interest at the rate of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

43.     Section 15 of Zeroholding's First Agreement provides the agreement is "governed and construed in accordance with" Arkansas State Law.

44.     Phillip Edward Miles unconditionally guaranteed Zeroholding's First Agreement obligations under an Unconditional Guarantee.

45.     A true and correct copy of the Mr. Phillip Miles' unconditional guarantee to Zeroholding's First Agreement is attached as **Exhibit F** and incorporated by reference.

46.     Mark Grady Miles also unconditionally guaranteed Zeroholding's First Agreement obligations under an Unconditional Guarantee.

47.     A true and correct copy of the Mr. Mark Miles unconditional guarantee to Zeroholding's First Agreement is attached as **Exhibit G** and incorporated by reference.

48.     Both Mr. Phillip Miles and Mr. Mark Miles guarantees to Zeroholding's First Agreement allow for the recovery of attorney's fees and costs.

49.     On June 1, 2022, Zeroholding executed and delivered a finance agreement ("**Zeroholding's Second Agreement**") to Arvest, for the repayment of a $50,515.44 financing agreement.

50.     A true and correct copy of Zeroholding's Second Agreement is attached as **Exhibit H** and incorporated by reference.

51.     In Zeroholding's Second Agreement, Zeroholding promised to repay the principal amount of $50,315.44 and interest on the principal balance at the annual rate of 8.290%, through 60 monthly payments of $1,041.64 starting on July 26, 2022.

52.    Pursuant to section 10 of Zeroholding's Second Agreement, it is an event of default for Zeroholding to file a petition under the Bankruptcy Code.

53.    Zeroholding defaulted under Zeroholding's Second Agreement by filing a petition under the Bankruptcy Code.

54.    Zeroholding defaulted under Zeroholding's First Agreement by failing to make payment as they came due.

55.    Section 12 of Zeroholding's Second Agreement also provides that Zeroholding owes late fees equal to 5% of the unpaid amount for any payment more than 10 days past due.

56.    In the event of a default, Zeroholding's Second Agreement allows the holder to recover "reasonable attorney's fees and costs" and charge interest at the rate of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

57.    Section 15 of Zeroholding's Second Agreement provides the agreement is "governed and construed in accordance with" Arkansas State Law.

58.    Phillip Edward Miles unconditionally guaranteed Zeroholding's Second Agreement obligations under an Unconditional Guarantee.

59.    A true and correct copy of the Mr. Phillip Miles' unconditional guarantee to Zeroholding's Second Agreement is attached as **Exhibit I** and incorporated by reference.

60.     Mark Grady Miles also unconditionally guaranteed Zeroholding's Second Agreement obligations under an Unconditional Guarantee.

61.     A true and correct copy of the Mr. Mark Miles unconditional guarantee to Zeroholding's Second Agreement is attached as **Exhibit J** and incorporated by reference.

62.     Both the Mr. Phillip Miles and Mr. Mark Miles guarantees to Zeroholding's Second Agreement allow for the recovery of attorney's fees and costs.

63.     Mr. Phillip Miles defaulted under his personal guaranty to CurePoint's First Agreement by failing to answer for CurePoint's obligations in this agreement.

64.     Mr. Phillip Miles defaulted under his personal guaranty to CurePoint's Second Agreement by failing to answer for CurePoint's obligation in this agreement.

65.     Mr.     Phillip Miles defaulted under his personal guaranty to Zeroholding's First Agreement by failing to answer for Zeroholding's obligations in this agreement.

66.     Mr. Phillip Miles defaulted under his personal guaranty to Zeroholding's Second Agreement by failing to answer for Zeroholding's obligations in this agreement.

67.     Mr. Mark Miles defaulted under his personal guaranty to CurePoint's First Agreement by failing to answer for CurePoint's obligations in this agreement.

68.    Mr. Mark Miles defaulted under his personal guaranty to CurePoint's Second Agreement by failing to answer for CurePoint's obligations in this agreement.

69.    Mr. Mark Miles defaulted under his personal guaranty to Zeroholding's First Agreement by failing to answer for Zeroholding's obligations in this agreement.

70.    Mr. Mark Miles defaulted under his personal guaranty to Zeroholding's Second Agreement by failing to answer for Zeroholding's obligations in this agreement.

71.    As of the filing of this Complaint, neither Mr. Phillip Miles nor Mr. Mark Miles has paid the indebtedness under any of the four agreements of their respective guarantees.

72.    As a result of Guarantors' defaults and breaches of their personal guarantees of the agreements, Guarantors owe Arvest the total amount of **$922,971.82**, which consists of (i) $915,663.56 in principal; (ii) $200.00 in late fees and (ii) $7,108.26 in interest, with additional interest accruing from August 19, 2022 at the default rate of interest of one and one half percent (1.5%) per month until paid (i.e. 18% per annum). The total amount does not include attorney's fees or costs of

collection incurred in this action, the CurePoint Bankruptcy, Zeroholding Bankruptcy or otherwise.

73.    Arvest hereby provides notice to Guarantors of its intent to collect attorney's fees under the agreements and their guarantees.

## COUNT ONE
## BREACH OF CONTRACT
## (AGAINST PHILLIP EDWARD MILES)

74.    Arvest incorporates paragraphs 1 through 73 of this Complaint as if the same were fully restated and set forth verbatim in this sentence.

75.    Mr. Phillip Miles breached his contractual obligations under his personal guaranty of CurePoint's First Agreement by failing to pay all amounts due under this agreement following CurePoint's default.

76.    As a result of Mr. Phillip Miles default and breach of his personal guaranty, he is indebted to Arvest in the total amount of **$149,203.50**, which consists of (i) $147,949.33 in principal; (ii) $50.00 in late fees (iii) $1,204.17 in interest, with additional interest accruing from August 19, 2022 at the default rate of interest of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

77.    Arvest is also entitled to an award of attorney's fees under Ark. Code Ann. § 16-22-308 based on the language in CurePoint's First Agreement and Mr. Phillip Mile's guaranty of this agreement.

78.     As provided in Ark. Code Ann. § 16-22-308, Mr. Phillip Miles is obligated to pay "reasonable attorney's fee to be assessed by the court and collected as costs."

79.     Accordingly, Arvest is entitled to recover reasonable attorney's fees from Mr. Phillip Miles under his guaranty incurred by Arvest in this action, the CurePoint Bankruptcy, or otherwise.

80.     Wherefore, Arvest is entitled to judgment against Phillip Edward Miles in the amount of **$149,203.50** plus reasonable attorney's fees and additional prejudgment interest.

## COUNT TWO
## BREACH OF CONTRACT
## (AGAINST PHILLIP EDWARD MILES)

81.     Arvest incorporates paragraphs 1 through 80 of this Complaint as if the same were fully restated and set forth verbatim in this sentence.

82.     Mr. Phillip Miles breached his contractual obligations under his personal guaranty of CurePoint's Second Agreement by failing to pay all amounts due under this agreement following CurePoint's default.

83.     As a result of Mr. Phillip Miles' default and breach of his personal guaranty, he is indebted to Arvest in the total amount of **$627,946.51**, which consists of (i) $622,325.79 in principal; (ii) $100.00 in late fees; and (iii) $5,520.72 in

interest, with additional interest accruing from August 19, 2022 at the default rate of interest of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

84.    Arvest is also entitled to an award of attorney's fees under Ark. code Ann. § 16-22-308 based on the language in CurePoint's Second Agreement and Mr. Phillip Miles' guaranty of this agreement.

85.    As provided in Ark. Code Ann. § 16-22-308, Mr. Phillip Miles is obligated to pay "reasonable attorney's fee to be assessed by the court and collected as costs."

86.    Accordingly, Arvest is entitled to recover reasonable attorney's fees from Mr. Phillip Miles under his guaranty incurred by Arvest in this action, the CurePoint Bankruptcy, or otherwise

87.    Wherefore, Arvest is entitled to judgment against Phillip Edward Miles in the amount of **$627,946.51** plus reasonable attorney's fees and additional prejudgment interest.

## COUNT THREE
## BREACH OF CONTRACT
## (AGAINST PHILLIP EDWARD MILES)

88.    Arvest incorporates paragraphs 1 through 88 of this Complaint as if the same were fully restated and set forth verbatim in this sentence.

89.     Mr. Phillip Miles breached his contractual obligations under his personal guaranty of Zeroholding's First Agreement by failing to pay all amounts due under this agreement following Zeroholding's default.

90.     As a result of Mr. Phillip Miles' default and breach of his personal guaranty, he is indebted to Arvest in the total amount of $**95,474.83**, which consists of (i) $95,367.91 in principal; and (ii) $106.92 in interest, with additional interest accruing from August 19, 2022 at the default rate of interest of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

91.     Arvest is also entitled to an award of attorney's fees under Ark. Code Ann. § 16-22-308 based on the language in Zeroholding's First Agreement and Mr. Phillip Miles' guaranty of this agreement.

92.     As provided in Ark. Code Ann. § 16-22-308, Mr. Phillip Miles is obligated to pay "reasonable attorney's fee to be assessed by the court and collected as costs."

93.     Accordingly, Arvest is entitled to recover reasonable attorney's fees from Mr. Phillip Miles under his guaranty incurred by Arvest in this action, the Zeroholding's Bankruptcy, or otherwise.

94.     Wherefore, Arvest is entitled to judgment against Phillip Edward Miles in the amount of **$95,474.83** plus reasonable attorney's fees and additional prejudgment interest.

## COUNT FOUR
## BREACH OF CONTRACT
## (AGAINST PHILLIP EDWARD MILES)

95.     Arvest incorporates paragraphs 1 through 94 of this Complaint as if the same were fully restated and set forth verbatim in this sentence.

96.     Mr. Phillip Miles breached his contractual obligations under his personal guaranty of Zeroholding's Second Agreement by failing to pay all amounts due under this agreement following Zeroholding's default.

97.     As a result of Mr. Phillip Miles' default and breach of his personal guaranty, he is indebted to Arvest in the total amount of $**50,346.98**, which consists of (i) $50,020.53 in principal; (ii) $50.00 in late fees; and (ii) $276.45 in interest, with additional interest accruing from August 19, 2022 at the default rate of interest of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

98.     Arvest is also entitled to an award of attorney's fees under Ark. Code Ann. § 16-22-308 based on the language in Zeroholding's Second Agreement and Mr. Phillip Miles' guaranty of this agreement.

99.   As provided in Ark. Code Ann. § 16-22-308, Mr. Phillip Miles is obligated to pay "reasonable attorney's fee to be assessed by the court and collected as costs."

100.   Accordingly, Arvest is entitled to recover reasonable attorney's fees from Mr. Phillip Miles under his guaranty incurred by Arvest in this action, the Zerholdings Bankruptcy, or otherwise.

101.   Wherefore, Arvest is entitled to judgment against Phillip Edward Miles in the amount of **$50,346.98** plus reasonable attorney's fees and additional prejudgment interest.

## COUNT FIVE
## BREACH OF CONTRACT
## (AGAINST MARK GRADY MILES)

102.   Arvest incorporates paragraphs 1 through 101 of this Complaint as if the same were fully restated and set forth verbatim in this sentence.

103.   Mr. Mark Miles breached his contractual obligations under his personal guaranty of CurePoint's First Agreement by failing to pay all amounts due under this agreement following CurePoint's default.

104.   As a result of Mr. Mark Miles' default and breach of his personal guaranty, he is indebted to Arvest in the total amount of **$149,203.50**, which consists of (i) $147,949.33 in principal; (ii) $50.00 in late fees (iii) $1,204.17 in interest, with

additional interest accruing from August 19, 2022 at the default rate of interest of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

105.  Arvest is also entitled to an award of attorney's fees under Ark. Code Ann. § 16-22-308 based on the language in CurePoint's First Agreement and Mr. Mark Miles' guaranty of this agreement.

106.  As provided in Ark. Code Ann. § 16-22-308, Mr. Mark Miles is obligated to pay "reasonable attorney's fee to be assessed by the court and collected as costs."

107.  Accordingly, Arvest is entitled to recover reasonable attorney's fees from Mr. Mark Miles under his guaranty incurred by Arvest in this action, the CurePoint Bankruptcy, or otherwise.

108.  Wherefore, Arvest is entitled to judgment against Mark Grady Miles in the amount of **$149,203.50** plus reasonable attorney's fees and additional prejudgment interest.

## COUNT SIX
## BREACH OF CONTRACT
## (AGAINST MARK GRADY MILES)

109.  Arvest incorporates paragraphs 1 through 108 of this Complaint as if the same were fully restated and set forth verbatim in this sentence.

110.   Mr. Mark Miles breached his contractual obligations under his personal guaranty of CurePoint's Second Agreement by failing to pay all amounts due under this agreement following CurePoint's default.

111.   As a result of Mr. Mark Miles' default and breach of his personal guaranty, he is indebted to Arvest in the total amount of $**627,946.51** which consists of (i) $622,325.79 in principal; (ii) $100.00 in late fees; and (ii) $5,520.72 in interest, with additional interest accruing from August 19, 2022 at the default rate of interest of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

112.   Arvest is also entitled to an award of attorney's fees under Ark. Code Ann. § 16-22-308 based on the language in CurePoint's Second Agreement and Mr. Mark Miles' guaranty of this agreement.

113.   As provided in Ark. Code Ann. § 16-22-308, Mr. Mark Miles is obligated to pay "reasonable attorney's fee to be assessed by the court and collected as costs."

114.   Accordingly, Arvest is entitled to recover reasonable attorney's fees from Mr. Mark Miles under his guaranty incurred by Arvest in this action, the Curepoint Bankruptcy, or otherwise.

115.    Wherefore, Arvest is entitled to judgment against Mark Grady Miles in the amount of **$627,946.51** plus reasonable attorney's fees and    additional prejudgment interest.

## COUNT SEVEN
## BREACH OF CONTRACT
## (AGAINST MARK GRADY MILES)

116.    Arvest incorporates paragraphs 1 through 115 of this Complaint as if the same were fully restated and set forth verbatim in this sentence.

117.    Mr. Mark Miles breached his contractual obligations under his personal guaranty of Zeroholding's First Agreement by failing to pay all amounts due under this agreement following Zeroholding's default.

118.    As a result of Mr. Mark Miles' default and breach of his personal guaranty, he is indebted to Arvest in the total amount of $**95,474.83**, which consists of (i) $95,367.91 in principal; and (ii) $106.92 in interest, with additional interest accruing from August 19, 2022 at the default rate of interest of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

119.    Arvest is also entitled to an award of attorney's fees under Ark. Code Ann. § 16-22-308 based on the language in Zeroholding's First Agreement and Mr. Mark Miles' guaranty of this agreement.

120.    As provided in Ark. Code Ann. § 16-22-308, Mr. Mark Miles is obligated to pay "reasonable attorney's fee to be assessed by the court and collected as costs."

121.    Accordingly, Arvest is entitled to recover reasonable attorney's fees from Mr. Mark Miles under his guaranty incurred by Arvest in this action, the Zeroholding Bankruptcy, or otherwise.

122.    Wherefore, Arvest is entitled to judgment against Mark Grady Miles in the amount of **$95,474.83** plus reasonable attorney's fees and additional prejudgment interest.

**COUNT EIGHT**
**BREACH OF CONTRACT**
**(AGAINST MARK GRADY MILES)**

123.    Arvest incorporates paragraphs 1 through 122 of this Complaint as if the same were fully restated and set forth verbatim in this sentence.

124.    Mr. Mark Miles breached his contractual obligations under his personal guaranty of Zeroholding's Second Agreement by failing to pay all amounts due under this agreement following Zeroholding's default.

125.    As a result of Mr. Mark Miles' default and breach of his personal guaranty, he is indebted to Arvest in the total amount of $**50,346.98**, which consists of (i) $50,020.53 in principal; (ii) $50.00 in late fees; and (ii) $276.45 in interest,

with additional interest accruing from August 19, 2022 at the default rate of interest of one and one half percent (1.5%) per month until paid (i.e. 18% per annum).

126.   Arvest is also entitled to an award of attorney's fees under Ark. Code Ann. § 16-22-308 based on the language in Zeroholding's Second Agreement and Mr. Mark Miles' guaranty of this agreement.

127.   As provided in Ark. Code Ann. § 16-22-308, Mr. Mark Miles is obligated to pay "reasonable attorney's fee to be assessed by the court and collected as costs."

128.   Accordingly, Arvest is entitled to recover reasonable attorney's fees from Mr. Mark Miles under his guaranty incurred by Arvest in this action, the Zeroholding Bankruptcy, or otherwise.

129.   Wherefore, Arvest is entitled to judgment against Mark Grady Miles in the amount of **$50,346.98** plus reasonable attorney's fees and additional prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Arvest prays that:

(a)    This Court exercise its subject matter jurisdiction in this matter;

(b)    This Court exercise its jurisdiction over the parties;

(c)     Arvest have judgment against Guarantors in the sum and amount of $922,971.82 plus additional prejudgment interest, reasonable attorney's fees as determined by the court, and the costs of this action; and

(d)     For such other and further relief as the Court may deem just and proper.

**JONES & WALDEN LLC**
*/s/ Leslie Pineyro*
Leslie Pineyro
Georgia Bar No. 969800
Attorney for Plaintiff
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
lpineyro@joneswalden.com

**CERTIFICATE OF COMPLIANCE, FONT & MARGINS**

I hereby certify in accordance with LR 7.1(D) and 5.1(C) that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

**JONES & WALDEN LLC**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Attorney for Plaintiff
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
lpineyro@joneswalden.com