**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ARVEST BANK,<br>    Plaintiff,<br>                      v.<br>PHILLIP EDWARD MILES and MARK GRADY MILES,<br>    Defendants. | Civil Action No.<br>1:22-cv-04009-SDG |

**OPINION AND ORDER**

This matter is before the Court on the motion to dismiss filed by Defendant Mark Grady Miles [ECF 8] and the motion to transfer venue filed by Plaintiff Arvest Bank [ECF 10]. For the following reasons, the motion to dismiss is **GRANTED** and the motion to transfer is **DENIED**.

**I.    Background**

For purposes of the parties' motions, the Court treats the following well-pleaded allegations as true.[1] In November 2021, non-party CurePoint, LLC entered into two separate financing agreements with Arvest.[2] Defendants Phillip Edward Miles and Mark Grady Miles (Dr. Miles) personally guaranteed CurePoint's

---

[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[2] ECF 1, ¶¶ 7–9, 21–23; ECF 1-1; ECF 1-3.

obligations.[3] In August 2022, CurePoint filed a petition for bankruptcy, which constituted an event of default.[4] Similarly, non-party Zeroholding, LLC entered into financing agreements with Arvest in April and in June 2022.[5] Defendants personally guaranteed Zeroholding's obligations.[6] In August 2022, Zeroholding filed a petition for bankruptcy.[7]

Arvest alleges that Defendants are now in default on all of their personal guaranties of the financing agreements entered into by CurePoint and Zeroholding.[8] It claims that Defendants owe over $900,000 in principal in connection with the four loans, as well as late fees, interest, attorneys' fees, and costs.[9] Counts Ones through Four of the Complaint assert breaches of contract by and seek relief against Phillip Miles.[10] Counts Five through Eight assert nearly identical claims against Dr. Miles.[11]

---

[3]   ECF 1, ¶¶ 17–18, 30–31; ECF 1-2; ECF 1-4.
[4]   ECF 1, ¶¶ 10–12, 24; ECF 1-1, at 4; ECF 1-3, at 4.
[5]   ECF 1, ¶¶ 15, 49; ECF 1-5, ECF 1-8.
[6]   ECF 1, ¶¶ 44–45, 58, 60; ECF 1-6; ECF 1-7; ECF 1-9; ECF 1-10.
[7]   ECF 1, ¶¶ 37–39, 51–53; ECF 1-5, at 4; ECF 1-8, at 4.
[8]   ECF 1, ¶¶ 63–70.
[9]   *Id.* ¶ 72.
[10]  *Id.* at 12–17.
[11]  *Id.* at 17–22.

## II. Discussion[12]

Dr. Miles moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2), arguing that it does not sufficiently allege that this Court has personal jurisdiction over him.[13] In response and in its motion to transfer, Arvest does not contend its allegations are sufficient. Rather, it argues that the Court should sever the claims against Dr. Miles and transfer them to a court that *does* have such jurisdiction—the United States District Court for the Western District of Oklahoma.[14]

### A. Arvest has not established personal jurisdiction over Dr. Miles.

A plaintiff bears the initial burden of alleging sufficient facts to make out a *prima facie* case of jurisdiction over a nonresident defendant. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). When the defendant submits affidavits or declarations objecting to jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.*

---

[12] The Court has diversity jurisdiction: Arvest is a citizen of Arkansas; Phillip Miles is a citizen of Georgia; and Dr. Miles is a citizen of Oklahoma. ECF 1, ¶¶ 1–3. Arvest's claims against each Defendant exceed $75,000.

[13] *See generally* ECF 8-1.

[14] *See generally* ECF 11.

Dr. Miles filed a declaration detailing his lack of contacts with Georgia: He is a citizen of Oklahoma and has no contacts with Georgia other than occasional visits to his mother.[15] Dr. Miles also avers that he did not sign the guaranties and disclaims any connection to CurePoint, Zeroholding, and Arvest.[16] Arvest has not presented rebuttal evidence showing that the exercise of jurisdiction over Dr. Miles would be appropriate. Instead, Arvest argues in its reply in support of its motion to transfer that the Complaint sufficiently alleged personal jurisdiction because Dr. Miles purportedly executed the guaranties to induce Arvest to advance funds to entities located in Georgia.[17] Assuming without deciding that Arvest's argument would have been sufficient to demonstrate its *prima facie* burden to establish jurisdiction, it is not enough to overcome the evidence put forth by Dr. Miles.

The Supreme Court recognizes two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1779–80 (2017). Given Arvest's argument, only specific jurisdiction is relevant here. Such jurisdiction "depends on an affiliation between the forum and the underlying controversy." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919

---

[15] ECF 8-1, at 18–22.

[16] *Id.*

[17] ECF 17, at 2–3.

(2011) (cleaned up). A two-step inquiry applies to determine whether specific jurisdiction exists: "[T]he exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).

To satisfy the Georgia long-arm statute, a plaintiff must show that personal jurisdiction is permitted under one of the express statutory bases, interpreted and applied literally. *Id.* at 1259. As relevant here, the statute provides that a court "may exercise personal jurisdiction over any nonresident . . . [if] he or she . . . [t]ransacts any business within this state." O.C.G.A. § 9-10-91(1). Arvest has presented no argument or evidence as to how Dr. Miles' purported execution of the personal guaranties (which are not alleged to have been signed by him in Georgia) for the debt of companies located in Georgia constitutes the transaction of business by *Dr. Miles* in Georgia. Arvest has not sufficiently pleaded personal jurisdiction. Since Georgia's long-arm statute is not satisfied, the Court need not reach the due process analysis.

### B. Severance of the claims against Dr. Miles and transfer is not appropriate.

Dr. Miles contends the claims against him must be dismissed since the Court lacks personal jurisdiction. Arvest, however, asserts that the Court should sever

the claims and transfer them to a court that *can* exercise jurisdiction over Dr. Miles. Rule 21 provides that the Court may sever any claim against a party. Fed. R. Civ. P. 21. And the Court has "considerable discretion" in deciding whether to do so. *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010). In its motion to transfer, Arvest argues that transfer is appropriate under 28 U.S.C. §§ 1404(a) and 1631. In its opposition to the motion to dismiss, Arvest asserts that transfer would also be appropriate under 28 U.S.C. § 1406(a). The Court addresses each of these statutes in turn.

### 1.  Section 1404

Section 1404(a) permits the Court to transfer a civil action to a district where the action could have been brought in the first instance "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Arvest asserts that this section permits the Court to sever the claims against Dr. Miles and transfer them to the Western District of Oklahoma. In support, it cites only one case from this district, *Bell v. K Mart Corporation*, 848 F. Supp. 996 (N.D. Ga. 1994).[18]

In *Bell*, the ***defendant*** sought to change venue with regard to claims brought by five of the eleven plaintiffs. The plaintiffs did not reside in this district and the defendant argued that the forum would be inconvenient for the witnesses since they were all located in other states. *See generally id.* The case is inapposite here,

---

18   ECF 10, at 6.

where Arvest—as Plaintiff—is seeking transfer of claims against a Defendant over whom the Court lacks jurisdiction. Moreover, *Bell* states that three general criteria must be met before a case should be transferred under Section 1404(a): the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Id.* at 998 (citing *Delay & Daniels, Inc. v. Allen M. Campbell Co.*, 71 F.R.D. 368, 371 (D.S.C. 1976)). Arvest makes no attempt to show that it can meet these criteria.[19]

### 2. Section 1406

Section 1406(a) provides that a district court may transfer a case to an appropriate district or division when venue is improper. 28 U.S.C. § 1406(a). Arvest cites no case in this circuit suggesting that this section applies to the facts here, where venue is not the problem.[20] *See* 28 U.S.C. § 1391(b) (stating that venue is appropriate in a judicial district in which (1) any defendant resides or (2) a substantial part of the events giving rise to the claim took place). The problem here is personal jurisdiction—there isn't any over Dr. Miles. Arvest has not demonstrated how Section 1406(a) would permit the Court to sever the claims against Dr. Miles and transfer them to a court where personal jurisdiction exists, since venue for this case is proper in this district.

---

[19] ECF 17, at 6–7.

[20] ECF 11, at 2–3.

### 3. Section 1631

Section 1631 provides that, when an action is filed in a federal court,

> and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Dr. Miles responds that Section 1631 does not permit (1) the transfer of some claims but not others or (2) transfer when personal jurisdiction is lacking. There is no controlling Eleventh Circuit case directly on point. Persuasive authority from several courts of appeal indicates that causes of action may appropriately be severed and transferred to a different district under Section 1631. But Arvest has not demonstrated that such an approach is appropriate here.

#### *i.* Fewer than all claims

In *Armstrong v. United States*, the Eleventh Circuit concluded that severance of certain issues in an appeal and transfer to the Federal Circuit were appropriate under Section 1631. The court then retained the remainder of the appeal for consideration. No. 21-10200-CC, 2021 U.S. App. LEXIS 20183 (11th Cir. 2021). This was the case despite the reference in Section 1631 to the transfer of an "action."

Although *Armstrong* does not provide much discussion explaining the ruling, other appellate courts have.

In *United States v. County of Cook*, the Federal Circuit concluded that Section 1631 "permit[s] the transfer of less than all of the claims in an action." 170 F.3d 1084, 1089 (Fed. Cir. 1999). The court explained that

> [t]his reading of § 1631 promotes the policies that Congress intended to foster through its enactment of that section. As both parties point out, § 1631 was designed to remedy the situation in which a litigant has mistakenly filed an action in a court that lacks jurisdiction.

*Id. See also D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3rd Cir. 2009) ("[W]e have interpreted section 1631 to permit the transfer of all or only part of an action."). So, contrary to the argument put forward by Dr. Miles,[21] a transfer need not be of the entire action.

### ii. Personal jurisdiction versus subject matter jurisdiction

The text of Section 1631 is not by its language limited only to subject matter jurisdiction. In *Ross v. Colorado Outward Bound School, Inc.*, the Tenth Circuit noted that Section 1631 is broadly construed and concluded that a transfer from one district court to another under this provision was appropriate where the transferor court lacked personal jurisdiction over the defendant. 822 F.2d 1524, 1526–27

---

[21] ECF 13, at 3–5.

(10th Cir. 1987). And the Fifth Circuit has noted that the First, Third, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits have all either explicitly or implicitly concluded that Section 1631 includes personal jurisdiction and that no circuit court has "actually adopted the view that § 1631 does not apply to a transfer to cure a lack of personal jurisdiction." *Franco v. Mabe Trucking Co.*, 3 F.4th 788, 794–95 (5th Cir. 2021). *See, e.g., Fed. Home Loan Bank of Boston v. Moody's Corp.*, 821 F.3d 102, 114 (1st Cir. 2016) (concluding that Section 1631 "on its face does not plainly restrict a federal court's authority to transfer an action to those cases in which it lacks subject matter jurisdiction"), *abrogated on other grounds by Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82 (2017); *D'Jamoos*, 566 F.3d at 110–11 (remanding to district court to determine whether severance and transfer of claims against defendant over which it lacked personal jurisdiction were appropriate); *Franco*, 3 F.4th at 792 (5th Cir. 2021) ("The text [of Section 1631] does not confine itself to personal or subject-matter jurisdiction, but instead 'a want of jurisdiction' generally. Black's Law Dictionary defines 'want of jurisdiction' to encompass a lack of subject-matter jurisdiction or a lack of personal jurisdiction."); *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003) ("In light of the language of § 1631 and its purpose, we therefore conclude that the statute applies to federal courts identifying any jurisdictional

defect, regardless of whether it involves personal or subject matter jurisdiction."). The Court is not persuaded by Dr. Miles' argument or authorities to the contrary.[22]

### iii. Interest of justice

Notwithstanding the foregoing, the Court finds that transfer of the claims against Dr. Miles is not in the interest of justice, which is a prerequisite for transfer under Section 1631. Arvest presents no compelling argument why the interest of justice favors transfer here. It contends only that it "seeks to avoid unnecessary delay and costs . . . rather than engaging in litigation involving jurisdiction."[23] But these are problems of Arvest's own making by filing suit against Dr. Miles without being prepared to establish how this Court has personal jurisdiction over him. Arvest accuses Dr. Miles of gamesmanship, but Dr. Miles is under no obligation to consent to personal jurisdiction where none exists. The interest of justice does not favor transfer.

---

[22] ECF 13, at 4. The one case on which Dr. Miles relies, *Lewis v. Abbott Laboratories, Inc.*, No. 619CV909ORL31LRH, 2020 WL 631595, at *10 (M.D. Fla. Feb. 5, 2020), *report and recommendation adopted*, No. 619CV909ORL31LRH, 2020 WL 998717 (M.D. Fla. Mar. 2, 2020), actually concluded that claims against a defendant over which there was no personal jurisdiction should be severed and transferred pursuant to Section 1631. In short, it does not support Dr. Miles' contention that Section 1631 does not apply when personal jurisdiction is lacking.

[23] ECF 17, at 5.

### C.   Jurisdictional discovery is not appropriate.

Arvest alternatively requests that it be permitted to conduct jurisdictional discovery "regarding facts relating to whether Dr. Miles is subject to the personal jurisdiction of this Court."[24] But there is no factual dispute that requires discovery to resolve. Arvest's request for discovery would amount to an expedition to hunt down the facts it needed to properly support its jurisdictional allegations in the first instance. *Cf. Am. C.L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) ("[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery.'") (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982)).

### III.   Conclusion

Dr. Miles' motion to dismiss [ECF 8] is **GRANTED**. Arvest's motion to transfer [ECF 10] is **DENIED**. The claims against Dr. Miles (Counts Five through Eight) are **DISMISSED without prejudice to being reasserted in a court with proper jurisdiction**.

Arvest and Phillip Miles are **ORDERED** to conduct their Rule 26(f) conference within 14 days from the date of this Order, and to serve initial disclosures and to file the Joint Preliminary Report and Discovery Plan within 30

---

24   ECF 11, at 3. *See generally id.* at 3–4; ECF 17, at 2–4.

days from the date of this Order. Discovery will commence 30 days from the date of this Order.

**SO ORDERED** this 18th day of September, 2023.

                                                Steven D. Grimberg
                                  United States District Court Judge